**FILED**

JUL - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __BUTLER__     __STACEY__     __D.__
    (Last)        (First)      (Initial)

Prisoner Number __D-91464__

Institutional Address __SAN QUENTIN State Prison, San Quentin, CA 94974__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__STACEY DUANE BUTLER__
Full Name of Petitioner

vs.

__Robert Ayers, Warden, et.al__     PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

Case No. (To be provided by the clerk of court)

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.  What sentence are you challenging in this petition? _A PAROLE deNIAL FROM A NEGOTIATED PleA ON A TERM to Life Sentence 15-Life_

    (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

    _SAN MATEO County SupioR Court_      _Redwood city_
    Court                                 Location

    (b) Case number, if known _C-18950_
    (c) Date and terms of sentence _15 years to Life_
    (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) (Yes)   No

    Where? _SAN QUENTIN STATE PRISON_      _SAN QUENTIN CA_
    (Name of Institution)                  (Address)

2.  For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_CALIFORNIA PenAL Code 187 (murder, 2nd degree)_
_THIS Petition is for the denial of PAROle_

3.  Did you have any of the following?

Arraignment: Yes _X_ No __   Preliminary Hearing: Yes _X_ No __   Motion to Suppress: Yes __ No _X_

3

4.   How did you plead?

Guilty _____   Not Guilty _____   Nolo Contendere _____

Any other plea (specify) _____ Plea Agreement _____

5   If you went to trial, what kind of trial did you have? NA

Jury _____   Judge alone _____   Judge alone on a transcript _____

6.   Did you testify at your trial?   Yes ___ No X

7.   Did you have an attorney at the following proceedings:

(a)   Arraignment   Yes X      No ___
(b)   Preliminary hearing       Yes X    No ___
(c)   Time of plea   Yes X     No ___
(d)   Trial   Yes ___   No X
(e)   Sentencing   Yes X      No ___
(f)   Appeal   Yes ___        No X
(g)   Other post-conviction proceeding   Yes ___      No X

8.   Did you appeal your conviction?   Yes ___ No X

(a)   If you did, to what court(s) did you appeal?

Court of Appeal   Yes ___   No X   _____
                                    (Year)            (Result)

Supreme Court of
California        Yes ___   No X   _____
                                    (Year)            (Result)

Any other court   Yes ___   No X   _____
                                    (Year)            (Result)

(b)   If you appealed, were the grounds the same as those that you are raising in this petition?                               Yes ___ No X

(c)   Was there an opinion?   Yes   (No)

(d)   Did you seek permission to file a late appeal under Rule 31(a)?
                                Yes         (No)

4

If you did, give the name of the court and the result:

_____ N A _____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes _____    No ✗

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court  SAN MATEO SUPERIOR COURT    #HC-1965

Type of Proceeding  HABEAS CORPUS

Grounds raised (Be brief but specific):

a. UNFAIR PAROL CONSIDERATION HEARING

b. FACTS PRESENTED

c. INFORMATION PRESENTED

d. EVIDENCE PRESENTED

Result  DENIED                            Date of Result  14 JAN. 2008

II. Name of Court  CA COURT OF APPEALS, 1ST DISTRICT   DIV. 4   #A120759

Type of Proceeding  HABEAS CORPUS

Grounds raised (Be brief but specific):

a. UNFAIR PAROL CONSIDERATION HEARING

b. FACTS PRESENTED

c. INFORMATION PRESENTED

d. EVIDENCE PRESENTED

Result  DENIED                            Date of Result  6 MAR. 2008

III. Name of Court  SUPREME COURT OF CALIFORNIA  #S161792

6

Type of Proceeding __HABEAS CORPUS__

Grounds raised (Be brief but specific):

a. __UNFAIR PAROLE CONSIDERATION HEARING__

b. __FACTS PRESENTED__

c. __INFORMATION PRESENTED__

d. __EVIDENCE PRESENTED__

Result __DENIED__   Date of Result __14 MAY 2008__

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?   Yes __  No _X_

(Name and location of court)

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: __THE BOARD OF PRISON HEARINGS (BPH) is continuing to__

(CONT. 8a)

deny parole through the sole use of the commiting offense.

Supporting Facts: The Record will show that the BPH Abused their discretion in making findings not supported by the Record. I did not get a fair hearing. By the actions stated in the above grounds, show and support a finding of (cont. 8a)

Claim Two: The BPH Failed to "Actually" consider all of the Relevant Reliable Information in the proper manner per the (cont. 8b)

Supporting Facts: The BPH merely went through the motions without "Actually" considering all of the information. This consideration should really go beyond just stating that you did so. The BPH has abused it's discretion in claiming that the committing (cont. 8b)

Claim Three: The BPH violated my Constitutional Rights in its Reliance on the "some Evidence" Quantum of Evidence Doctrine (cont. 8c)

Supporting Facts: When all of the Evidence is Examined, the BPH used the above, as the sole Evidence, factors to make a finding of un-suitability. Although the authority to do so has been upheld under the CA Supreme Court's Rosenkrantz decision, it also violates (cont. 8c)

✱ Note: Other Claims + Conclusions on page 8d...

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

N/A

8

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

State + Federal Right (constitutional) to Due Process; Equal Protection/ Liberty Interest CA Penal Code, CA Code of Regulations, Supt. v. Hill, In Re George Scott, In Re Rosencrantz, In Re Liza Brown, Buckley v. Terhune, Biggs v. Terhune, 334 F3d 910/914 (9TH Cir. 2003)

Do you have an attorney for this petition?   Yes __   No X

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __1 July 08__       _[signature]_
           Date                    Signature of Petitioner

( rev. 5/96)

9

Claim 1 continued;

Prior Non-Criminal prison conduct with out real evidence that I am a current "Unreasonable Risk to Public Safety" that is supported by the record. The facts of the hearing are not supported by a finding of Unsuitability.

Supporting Facts continued;

of suitability; see record, while they are relying sole on the committed offense and Prior conduct and prior prison non-criminal conduct. These Factors Violate my Constitutionally procted Due Process; Liberty Interest and Equal Protection Rights and Illustrates that the BPH has abused their discretion and did not conduct a fair Hearing. In using "Boil-Plate" issues, not supported by the Record, clouds the fact that the Defendents sole Reliance on Prior conduct; Preconviction, committed offence and Prior Prison non-criminal conduct as allowed under CA Supreme Court's In re Rosencrantz. But they are having a difficult time getting around the Biggs v. Terhue 9th Circuits Ruling.

Claim 2 continued:
CCR 2402 (b) Mental Health & Counselor Reports of Risk Assessment. PC 3042 notices supporting or not opposing Parole, Prison Conduct & Rehabilitative Effords, Etc... Beyond the committed offense, Prior conduct & Prior Prison NoN-Criminal conduct, there is none supported by the Record, of current Risk to the Publuc if Released on Parole.

Supporting Facts continued:
offense, Prior conduct & Prior Prison non-criminal conduct (all un-changeable factors) outweighs all of the factors supporting Parole; Mental Health & Counselors Reports & Risk Assessments, work behavior, self-help groups, Parole Plans, and Transitutional Housing Programs, etc... The weighing process, not standarized, is an Equal Protection Violation.  Even though the BPH acknowleges the Positives, they did not actually consider me for parole. (According to the intent & sprit of the process; PC 3041(b) Parole should be granted unless I am a "Current" Unreasonable Risk to Public Safety (Supported by the Record).  Instead their "Boiler-Plate" grounds were used for a denial.  Unsupported by the record and not within the intent & sprit of the process.

Claim 3 continued:

when they used the committed offense, Prior conduct and Prior prison non-criminal conduct (all unchangeable factors) to make a finding that I was an Unreasonable Risk to Public Safety if Released on Parole.

Supporting Facts continued:

the Liberty Interest Ruling in the 9th Circuit (2003) Biggs v. Terhune decision. The "Some-Evidence" Doctrine therefore violated my Liberty Interest & The Quantum of Evidence must be increased to at least "Substantive-Evidence" (defined as enough to convict a reasonable person). "The Some-Evidence" (under Supt. v. Hill, that was introduced the 1st time during In re Powell's parole hearing, have been used ever since) Doctrine should not apply in a Parole suitability Hearing. Due to the Arguement posed in Supt. v. Hill is not the same in a parole hearing as in ( the disciplinary hearing( the Supt. had a violent prison to control & Hill's Liberty Interest; loss of credit was small). In a Parole Hearing situation there is no violent prison incident to gain control, the Petitioners Liberty Interest is much greater and there is 20+ years of document Evidence to rule for or against suitability; Mental Health & Counselors Reports & Risk Assessments, Prior behavior (violenor not) Rehabilitative efforts and Parole Plans; Outside Support & Realistic Plans if family support is not available.

Claim 4:

The BPH & County of Committment violated the Negotiated Plea in the county's opposition & the BPH's Reliance on that opposition to deny Parole based on pre-conviction criteria, non-criminal prison conduct and a Preceived lack of or limited, non-required Programming (at the time the plea was entered into) after Petitioner was released into the custody of the California Department of Corrections and Rehabilities, I was assed and given 5,018 days left to serve in their custody. My release should have been on 4-18-2002.

Supporting Facts:

I entered into a Plea Agreement with the Satat of California (Petitioner v. The People of the State of California). The requirement on my part was to agree to the Plea, go to prison (work & behave or lose time credits, increasing the time served required to reach my Minimum Eligible Parole Date; M.E.P.D.) & get out on parole once I reached my M.E.P.D. the county, city, DA. BPH & this Petitioner have obligations to abide by the Plea Agreement. I have done so the Defendants have violated the Plea Agreement in opposing my Parole on the above grounda; Preceived Programming Requirement not disclosed at the start of the Plea Negotiation. All Evidence available, supported by the record, requires a finding of Suitability & Release with no Parole as I am 6 years past my date of release. As intended by the negotiated Plea. State & Federal Constitutional Rights require that I be informed of the direct consequenses of the Plea; I was never Informed that "Any" of the Defendents could oppose my Parole (release) if I abided by the Negotiated Plea, serve my time; work & stay out of trouble and not Increase my M.E.P.D.; The Defendents have Violated the Plea Agreement.

Conclusion:

It is because of all the above grounds that I believe the hearing was not fair, nor impartial. The defendants have violated my Federal & State Constitutional Right to Due Process; Liberty Interest & Equal Protection. They have acted aginst the Intent & Spirit of the Process. The BPH have "Failed" to "Actually" consider anything beyoud the use of Pre-Conviction Criteria & Prior Non-Criminal Prior conduct. The use of these Factors are Inappropriate, Abuse of Discretion, (Quantum of Evidence) Application of Some Evidence under Supt. v. Hill which intended use was approved for the Prison Dosciplinary & not Parole Hearing Process. The BPH failed to responsibly use their discretion, within the Intent & Spirit of the Process, to weigh all the Revelant Reliable Evidence (supported by the record) & Render a decision that I was or was not a Current Unreasonable Risk to Public Safety. This has and continue to Violate my Rights and it is Requested by this Petitioner, that this Court grants the Motion of Appointment of Counsel, orders Evidentiary Hearing and grants Relief.