IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY D. BUTLER,<br><br>    Petitioner,<br><br>vs.<br><br>ROBERT AYERS, JR., Warden,<br><br>    Respondent. | No. C 08-3289 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the decisions by the Board of Parole Hearings ("Board") to deny him parole in 2007. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner was convicted of second-degree murder in San Mateo County Superior Court and, in 1988, the trial court sentenced him to a term of 15 years-to-life in state prison. The Board found Petitioner unsuitable for parole at a parole hearing in 2007. Petitioner challenged this decision unsuccessfully in all three levels of the California courts, and thereafter filed the instant petition for a writ of habeas corpus.

## DISCUSSION

Petitioner's first three claims assert that the denial of parole was not supported by

sufficient evidence of his current dangerousness. The United States Supreme Court has held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 4-5. The parole hearing transcript makes it clear that Petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Id.* at 5. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Id.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 6. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner is not entitled to relief based upon his first three claims.

    Petitioner's fourth claim asserts that the Board violated his plea bargain by denying parole and that the county where he was convicted violated his plea bargain by opposing his release on parole at the parole hearing. The plea bargain called for a sentence of fifteen years to life, and that is what Petitioner received. A sentence of fifteen years to life does not guarantee release from prison after fifteen years, or indeed upon reaching the Minimum Eligible Parole Date. It only guarantees *eligibility* for parole as of that date. There is no contention that Petitioner is not receiving the consideration for parole to which his sentence of fifteen years-to-life entitles him. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

//

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: FEB 1 7 2011

JEFFREY S. WHITE
United States District Judge

3